# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS OLIVEREZ, JR., | CASE NO. 1:09-cv-00352-SMS PC |
| Plaintiff, | SCREENING ORDER DISMISSING DUE PROCESS CLAIM, AND AUTHORIZING ACTION TO PROCEED ON FREE EXERCISE CLAIM |
| v. | |
| BEN ALBITRE, et al., | (Doc. 7) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Louis Oliverez, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 26, 2009.  On April 7, 2009, the Court dismissed Plaintiff's complaint for failure to state a claim, and on May 7, 2009, Plaintiff filed an amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.   Plaintiff's Claims

Plaintiff, who is housed at California State Prison-Corcoran, alleges violations of his rights under the Free Exercise Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment arising from Native American Spiritual Leader Ben Albitre's failure to provide him with the prayer oil he ordered, and from Albitre's and Warden Derral G. Adams' failure to respond to his inmate appeals and letter on the issue. Plaintiff seeks money damages.

### A.   Free Exercise Claim

Plaintiff alleges that he ordered a book and religious oil in compliance with the regulations governing the purchase of spiritual items. Religious oil ordered by inmates is kept by a chaplain's office representative, and is distributed to inmates two ounces at a time for prayer and worship purposes. Plaintiff sent Defendant Albitre a request for two ounces of his prayer oil but received no response. When Plaintiff requested a copy of the receipt for the oil, Defendant Albitre refused to provide one. In response to the Court's first screening order, Plaintiff's amended complaint sets forth facts describing Plaintiff's religious beliefs and his need for the prayer oil.

Plaintiff is entitled to a reasonable opportunity to practice his religion. Cruz v. Beto, 405 U.S. 319, 322 (1972). "Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with

his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendant Albitre for violation of the First Amendment. Fed. R. Civ. P. 8(a).

### B. Due Process Claim

Plaintiff alleges that he twice filed an inmate appeal on the issue, but received no response either time. Plaintiff asserts a due process claim based on his inability to obtain a response to his inmate appeals

The existence of an administrative remedy process does not create any substantive rights and mere dissatisfaction with the remedy process or its results cannot, without more, support a claim for relief for violation of a constitutional right, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Because Plaintiff does not have a protected liberty interest in the processing of his inmate appeals, he may not pursue a claim for relief against Defendant Albitre for failing to respond to his appeals. Id.

### C. Claim Against Defendant Adams

After Defendant Albitre failed to respond to Plaintiff's request for his prayer oil and denied his subsequent request for a receipt for the oil, Plaintiff submitted an inmate appeal on November 10, 2008. After he received no response, Plaintiff submitted a second appeal on December 15, 2008. Plaintiff then sent a letter to the associate warden on January 11, 2009, and attempted to speak with the facility captain on January 19, 2009. On January 31, 2009, Plaintiff sent a letter to Defendant Adams. Plaintiff alleges that by failing to respond to his letter, Defendant Adams contributed to the violation of Plaintiff's rights under the First and Fourteenth Amendments.

Under section 1983, Plaintiff must show that Defendant Adams acted under color of state law, and deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff is required to prove that Defendant Adams personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability under section 1983, and therefore, Defendant

is only liable for his own misconduct. <u>Iqbal</u> at 1948-49. A defendant holding a supervisory position, such as Warden Adams, may only be held liable for the constitutional violations of his subordinates *if* he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>also</u> <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997). The critical inquiry is whether or not the supervisor directly participated in the violations complained of or had knowledge that violations were occurring but failed to intervene. <u>Taylor</u>, 880 F.2d at 1045; <u>also</u> <u>Jett</u> at 1098.

For the reasons set forth in the preceding subsection, Plaintiff does not have a protected liberty interest in the processing of appeals or other written complaints, and therefore, Plaintiff may not pursue a due process claim against Defendant Adams based on his failure to respond to the letter.

Attached to Plaintiff's amended complaint is a copy of the letter he sent to Defendant Adams. (Doc. 7, Ex. C.) The content of the letter is sufficient to support Plaintiff's position that Defendant was placed on notice that an ongoing violation of Plaintiff's First Amendment right to the free exercise of his religion was occurring. Therefore, at the pleading stage, there are sufficient facts alleged to state a claim against Defendant Adams for failing to intervene after being placed on notice that a constitutional violation was occurring. <u>Taylor</u> at 1045; <u>Jett</u> at 1098.

### III. Conclusion and Order

Plaintiff's amended complaint states a cognizable claim for relief against Defendants Albitre and Adams for violation of the Free Exercise Clause of the First Amendment. However, Plaintiff's due process claim fails as a matter of law, and the deficiency cannot be cured through amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) Accordingly, for the reasons set forth herein, it is ORDERED that:

1. This action shall proceed on Plaintiff's amended complaint, filed May 7, 2009, against Defendants Albitre and Adams on Plaintiff's First Amendment free exercise claim; and

///

    2.      Plaintiff's due process claim is dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

**Dated:**   **December 2, 2009**                         **/s/ Sandra M. Snyder**
                                                           UNITED STATES MAGISTRATE JUDGE