# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS OLIVEREZ, JR., | CASE NO. 1:09-cv-00352-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| BEN ALBITRE, et al., | (Doc. 14) |
| Defendants. | THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Addressing Motion to Dismiss**

**I.    Procedural History**

Plaintiff Louis Oliverez, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 26, 2009. This action is proceeding on Plaintiff's amended complaint, filed May 7, 2009, against Defendants Albitre and Adams for violation of the Free Exercise Clause of the First Amendment. Plaintiff's claim arises out of his inability to gain access to his prayer oil for prayer and worship.

On April 23, 2010, Defendants filed a motion to dismiss the claim against Defendant Adams for failure to state a claim and to dismiss the action for failure to exhaust. Fed. R. Civ. P. 12(b). On June 16, 2010, after obtaining an extension of time, Plaintiff filed an opposition, and on June 17,

///

2010, Defendants filed a reply.[1] Plaintiff filed a surreply on July 6, 2010. Although there is no right to file a surreply, the Court elects to consider it in this case.

## II.   Motion to Dismiss Defendant Adams for Failure to State a Claim

### A.   Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). However, although the pleading standard is now higher, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, No. 07-17265, 2010 WL 4673711, at *3 (9th Cir. Nov. 19, 2010) (citations omitted).

### B.   Plaintiff's Allegations

Plaintiff is an inmate at California State Prison-Corcoran (CSP-Corcoran). Defendant Adams is the warden of CSP-Corcoran and Defendant Albitre is the Native American spiritual leader at CSP-Corcoran.

///

---

[1] Plaintiff was provided with notice of the requirements for opposing motions to dismiss for failure to exhaust by order filed December 14, 2009. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 11-1.)

In September 2008, Plaintiff ordered a book and a sixteen-ounce container of prayer oil from an approved outside vendor. (Doc. 7, Amend. Comp., court record p. 3.) Pursuant to prison policy, a representative of the chaplain's office keeps inmates' prayer oil and distributes it two ounces at a time for prayer and worship. (Id., p. 4.) Defendant Albitre is the representative for the pagan/earth-based religious groups, including Native Americans, Odinists, and Wiccans. (Id.) Plaintiff, a Wiccan, requested two ounces of prayer oil from Defendant Albitre, but received no response. (Id.) Plaintiff then requested a copy of his order receipt, but the request was denied by Defendant Albitre. (Id.)

On November 10, 2008, Plaintiff submitted an inmate appeal, but received no response. (Id.) On December 13, 2008, Plaintiff submitted a second inmate appeal requesting that his first appeal be addressed, but he again received no response.[2] (Id.) On January 30, 2009, Plaintiff wrote a letter to Defendant Adams complaining about Defendant Albitre's failure to respond to his requests for the issuance of his prayer oil and requesting that Adams assist with the facilitation of the free exercise of his religion. (Id., pp. 35-6.)

**C.    Discussion**

Defendant Adams moves for dismissal of the claim against him on the ground that Plaintiff is attempting to impose liability on him based on his role in the chain of command and that Plaintiff fails to "adequately describe precisely how [he] individually participated in or directed any alleged violations of [Plaintiff's] civil rights." (Doc. 14, Motion, court record 9:14-15.) Defendant contends that Plaintiff is seeking to impermissibly impose liability based on *respondeat superior*, and that his vague, conclusory allegations are insufficient to state a claim.

Under section 1983, Plaintiff must show that Defendant Adams was personally involved in the violation of his constitutional rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability under section 1983, and therefore, Defendant Adams may only be held liable for his own misconduct. Iqbal, 129 S.Ct. at 1948-49.

---

[2] Although Plaintiff alleges in his complaint that the appeal was submitted on December 15, 2008, he contends in his opposition that the date was December 13, 2008, and the log sheet submitted with his surreply provides December 13, 2008, as the date. In light of the log sheet, the Court accepts December 13 as the date.

Prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (prison administrators are liable if they knowingly fail to respond to a request for help). A supervisor may be held liable for the constitutional violations of his subordinates if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Thus, if Defendant Adams was placed on notice of an ongoing constitutional violation and failed to intervene, Plaintiff may properly proceed against him. Jett, 439 F.3d at 1098; Taylor, 880 F.2d at 1045.

Plaintiff's letter was sufficient to place Defendant Adams on notice that Plaintiff was complaining that his ability to practice his religion was being hindered because Defendant Albitre was not responding to his requests for prayer oil.[3] Because Defendant Adams cannot turn a blind eye to a claim that a subordinate is violating an inmate's constitutional rights, Jett, 439 F.3d at 1098, the Court finds that Plaintiff's allegations are sufficient, at the pleading stage, to state a claim against Defendant Adams, Hebbe, 2010 WL 4673711, at *3. The Court recommends Defendants' motion to dismiss this claim be denied.

### III. Motion to Dismiss for Failure to Exhaust

#### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available

---

[3] "Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85. Plaintiff's allegations were found to be sufficient to state a free exercise claim against Defendant Albitre, a finding Defendants do not dispute.

administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**B.    Defendants' Motion**

The California Department of Corrections and Rehabilitation has an administrative remedy process which allows prisoners to appeal any departmental decision, action, condition, or policy which has an adverse effect on them. Cal. Code Regs., tit. 15 § 3084.1(a) (2010). The process is initiated by submitting a CDCR Form 602. Tit. 15, § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." § 3084.5. Appeals must be submitted within fifteen working days of the issue being appealed, and inmates are required to attempt to resolve the appeal informally unless one of the exceptions to the informal level applies. §§ 3084.5(a), 3084.6(c).

Defendants represent that exhaustion occurs only after the issuance of a Director's Level decision, and argue that Plaintiff failed to file a single appeal relating to either the incident or Defendants Albitre and Adams, entitling them to dismissal of this action. (Doc. 14-2, Motion, Cano Dec., ¶¶6, 7; Doc. 16, Foston Dec., ¶¶8-11.) Defendants contend that although Plaintiff alleges he filed two appeals, he did not include a copy of the original appeal and his allegations are both

5

insufficient to demonstrate exhaustion and unconvincing. Defendants do not concede that Plaintiff filed two appeals, but suggest that if he did and received no response, as he alleges, he should have given an appeal to another correctional officer, filed an appeal with the appeals coordinator, or bypassed the informal level of appeal.

Defendants also contend that given Defendant Albitre's alleged failure to respond, Plaintiff should have submitted an appeal describing that problem to another staff member in order to place the prison on notice and create a record of his attempts to appeal. Further, Defendants contend that a staff complaint regarding an officer or other personnel is supposed to be filed at the first formal level of review, bypassing the informal level. (Foston Dec., ¶4.) Defendants argue that Plaintiff attempted to bypass the appeals process and he made no real effort to exhaust prior to filing suit.

Finally, Defendants argue that even if the appeal was submitted as represented by Plaintiff, the copy provided by Plaintiff demonstrates that it did not grieve Defendant Adams' participation in the violation of Plaintiff's rights, entitling Adams to dismissal.

### C. Plaintiff's Opposition

Plaintiff argues that after filing appeals on November 10, 2008, and December 13, 2008, neither of which received a response, the only recourse left was to file a civil lawsuit. Plaintiff disputes Defendants' characterization of the appeals process as one in which inmates present the appeal to the appropriate prison official for response. Instead, Plaintiff contends that the procedure is to place the appeal in a wooden box in the housing unit. The appeals are collected each weekday by the designated appeals coordinator and then distributed to the appropriate department, office, or personnel.

With respect to the suggestions tendered by Defendants regarding what Plaintiff should have done, Plaintiff contends that there is an established appeals procedure and the alternatives suggested by Defendants are impermissible. Plaintiff contends that the suggestions would circumvent the established appeals process and could lead to a finding that he was abusing the appeals process or manipulating staff.

///

///

  Plaintiff points out that appeals submitted for review at the informal level are not assigned log numbers. Plaintiff contends that his appeals were appropriately submitted for informal level review and as a result, no log numbers were assigned.

  Plaintiff attests that he asked Defendant Albitre when he would be responding to the November 10 appeal. (Doc. 19, Opp., Ex. B, Oliverez Dec.) When Defendant Albitre said he never received it, Plaintiff submitted the second appeal on December 13. (Id.) Inmate witness Jeffery Scott Amaral attests that he assisted Plaintiff in drafting an appeal regarding Defendant Albitre's failure to provide Plaintiff with his prayer oil and he was with Plaintiff when Plaintiff deposited the appeal in the housing unit's appeals box in November 2008. (Id., Ex. C, Amaral Dec.) Inmate witness Diego Hernandez attests that he resides in the same housing unit, and he saw Plaintiff and inmate Amaral drafting an appeal regarding Plaintiff's prayer oil and he accompanied them to the appeals box, where it was deposited. (Id., Ex. D, Hernandez Dec.) Approximately one month later, inmate Hernandez assisted Plaintiff in drafting the second appeal. (Id.)

### D. Reply and Surreply

  In reply, Defendants again assert that the administrative remedy process is complete only after an inmate receives a decision from the Director's Level of review, and that Plaintiff's allegations that he submitted two appeals and his purported copy of the second appeal without a log number are insufficient to demonstrate exhaustion. Defendants dispute that there was no further recourse available to Plaintiff and they contend that if Defendant Albitre failed to respond to Plaintiff's appeals, he could have filed an appeal at the first formal level of review, and he should have filed an appeal grieving Defendant's failure to respond to his appeal. Defendants also reassert that appeals involving misconduct by an individual officer or other personnel bypass the informal level and are submitted directly to the first formal level. Finally, Defendants contend that even if the appeal copy is accepted as authentic, it is silent as to Defendant Adams' misconduct and is insufficient to exhaust that claim because it does not provide notice to prison officials as to Adams' involvement.

  In his surreply, Plaintiff again states that he does not control the process and that inmates place their appeals in a wooden box in the housing unit. The appeals are collected by the appeals

coordinator for review, and Plaintiff does not have the ability to determine who should review the appeal. In support of his position, Plaintiff submits the log tracking sheets prepared by Officer H. Flores, which show that he submitted appeals in November 2008 and December 2008, as he claims. (Doc. 23, Surreply, Exs. A & B.)

### E.      Discussion

#### 1.      Defendant Albitre

Exhaustion is mandatory and unexhausted claims must be dismissed. Jones, 549 U.S. at 211. Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, Woodford, 548 U.S. at 90, and the exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective appeal, id. at 83-84 (quotations omitted). If an inmate is satisfied with the relief granted or partially granted at any level of review, he has no obligation to pursue the appeal to the next higher level of review. Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010). Thus, a Director's Level decision is not necessarily required for exhaustion to occur. Harvey, 605 F.3d at 685. Finally, the failure to exhaust *may* be excused where the administrative remedies are rendered effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

Although Defendants dispute the existence of the two appeals and point out the absence of any record of log numbers, Plaintiff describes the process as one in which inmates submit the appeals via a wooden box and the distribution is up to the appeals coordinator. Appeals submitted at the informal level of review are not assigned log numbers, which explains why there is no official record of Plaintiff's appeals. Further, the two inmate appeal tracking logs submitted by Plaintiff show that on November 14, 2008, and again on December 13, 2008, Plaintiff submitted appeals regarding personal/property issues, which were assigned to the chaplain for review. Respectively, the appeals were received on November 16, 2008, and December 15, 2008; and the appeals were assigned on November 17, 2008, and December 15, 2008. The appeals were not received back or returned to Plaintiff. The logs support Plaintiff's version of events that he submitted two appeals at the informal level of review, but received no response from Defendant Albitre, who was allegedly the chaplain's representative for Plaintiff's religious group.

Defendants suggest that Plaintiff did not follow the correct procedure because the informal level of appeal is bypassed when the issue involves staff misconduct. However, that exception is applicable to departmental peace officer misconduct rather than all prison staff misconduct. § 3084.5(a)(3)(G). There is no evidence that Defendant Albitre, as a chaplain's office representative, is a departmental peace officer. Further, it does not appear that inmates control decisions regarding whether the appeal is presented for informal level review or if that level is bypassed.

Finally, Plaintiff is not required to conceive of ways to work around the failure of the reviewer to respond to his properly submitted appeals. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224; Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005). The regulations governing the inmate appeals process apply with equal force to inmates and prison officials. If an inmate complies with the procedural rules, but staff members fail to respond to the appeal in compliance with applicable procedural rules or otherwise thwart the process, it becomes unavailable. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224. In light of the evidence that Plaintiff submitted two appeals concerning property/personal issues, those appeals were assigned to the chaplain for response, and no response was received back, Defendant Albitre is not entitled to dismissal of this action on the ground that Plaintiff failed to exhaust. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

**2.    Defendant Adams**

Defendant Adams allegedly joined in the violation of Plaintiff's rights when he failed to intervene after being placed on notice that Plaintiff's ability to practice his religion was being hindered via Defendant Albitre's refusal to distribute Plaintiff's prayer oil. Defendant Adams was allegedly placed on notice of the ongoing constitutional violation by letter dated January 20, 2009. Plaintiff's attempts to appeal occurred prior to this, raising the question where those appeals satisfy the exhaustion requirement as to the claim against Defendant Adams.

"[T]he primary purpose of a grievance is to notify the prison of a problem, and facilitate its resolution." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). In the absence of greater specificity required by the applicable regulations, a grievance is sufficient "'if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin, 557 F.3d at 1120 (quoting Strong v.

///

1  David, 297 F.3d 646, 650 (7th Cir. 2002)).  In California, inmates are required only to describe the
2  problem and the action requested.  Cal. Code Regs., tit. 15 § 3084.2(a) (West 2010).

3        Because the constitutional violation at issue - Plaintiff's inability to exercise his religion due
4  to the deprivation of his prayer oil - was an ongoing violation involving the same core facts and
5  because prison regulations do not require inmates to name each prison official they believe to be
6  involved in the event being appealed, the Court finds that Plaintiff's appeals were sufficient to grieve
7  his constitutional claim against both Albitre and Adams.  Griffin, 557 F.3d at 1120.

8  **IV.   Conclusion and Recommendation**

9        For the reasons set forth herein, the Court finds that Defendants are not entitled to dismissal
10 of the claim against Defendant Adams for failure to state a claim, and Defendants are not entitled
11 to dismissal of this action for failure to exhaust.  Accordingly, the Court HEREBY RECOMMENDS
12 that Defendants' motion to dismiss, filed April 23, 2010, be DENIED.

13       These Findings and Recommendations will be submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
15 **days** after being served with these Findings and Recommendations, the parties may file written
16 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
17 Findings and Recommendations."  The parties are advised that failure to file objections within the
18 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
19 1153 (9th Cir. 1991).

21 IT IS SO ORDERED.

22 **Dated:   December 6, 2010**          **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE