# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS OLIVEREZ, JR., | CASE NO. 1:09-cv-00352-LJO-SKO PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES DIEGO HERNANDEZ AND BRYAN RANSOM AND DISREGARDING PLAINTIFF'S OPPOSITION TO DEFENDANT'S LISTED WITNESSES |
| v. | |
| BEN ALBITRE, | |
| Defendant. | (Docs. 59, 73, and 74) |

## I. Background

Plaintiff Louis Oliverez, Jr. is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action for damages is proceeding on Plaintiff's amended complaint, filed on May 7, 2009, against Defendant Albitre for violation of the Free Exercise Clause of the First Amendment of the United States Constitution. Plaintiff's claim arises out of his inability to gain access to his previously-purchased spiritual oil for prayer and worship while he was at California State Prison-Corcoran ("Corcoran") in 2008.

This matter is set for jury trial on October 1, 2013. On January 2, 2013, Plaintiff filed a motion seeking the attendance of incarcerated witnesses, in compliance with the scheduling order filed on October 5, 2012. Defendant filed an opposition on January 31, 2013. Plaintiff filed a reply and a supplemental motion on March 4, 2013. Also on March 4, 2013, Plaintiff filed an opposition to the witnesses listed in Defendant's pretrial statement.

///

II. **Motion for Attendance of Incarcerated Witnesses**

Plaintiff seeks the attendance of inmate witnesses Diego Hernandez and Bryan Ransom. Plaintiff represents that both inmates told him they would testify voluntarily and they both possess actual knowledge of relevant facts. Plaintiff provides Diego Hernandez's declaration, in which Hernandez attests of his awareness, in November and December 2008, of Plaintiff's attempts to appeal the denial of prayer oil. Plaintiff also represents that Bryan Ransom has the ability to testify about the discriminatory actions taken by Defendant against Wiccan inmates.

Defendant opposes Plaintiff's motion on the ground that Plaintiff has not shown either inmate was an eye or ear witness to the denial of Plaintiff's prayer oil by Defendant Albitre in September 2008.

In support of his reply and supplemental motion, Plaintiff attested under penalty of perjury that inmates Hernandez and Ransom were present in the Facility C Chaplain's Office at Corcoran when Plaintiff requested his prayer oil from Defendant and was given "false" excuses by Defendant regarding why he could not have his prayer oil. Plaintiff also attested that both inmates were present when, after two previous denials, Defendant finally provided Plaintiff with some prayer oil. Plaintiff argues that as such, both inmates were eye and ear witnesses to the events relevant to his claim that Defendant wrongfully deprived him of his prayer oil.

When determining whether to issue a writ of habeas corpus ad testificandum, the district court must consider the following factors: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

With respect to the first factor, Plaintiff attested under penalty of perjury that both witnesses were present when he asked for his prayer oil and his request was denied by Defendant, and they were later present when he subsequently received some oil. While the Court notes that this more detailed information was not present in Plaintiff's original motion, it is nonetheless before the Court

now and its belated submission neither prejudiced Defendant nor caused any delay in the proceedings. In light of the leniency accorded to pro se litigants in this Circuit and in the absence of any actual prejudice to Defendant, the Court exercises its discretion to consider the information provided and it finds that Plaintiff's supplemental declaration is sufficient to satisfy the first factor.

Turning to the third factor, while inmate Hernandez is now incarcerated in San Diego, the fact that he must be transported to another institution and housed temporarily does not outweigh the importance of eye and/or ear witnesses at trial. Furthermore, given that Plaintiff is only seeking two witnesses, any argument of cumulativeness would not be persuasive. *See e.g., Loux v. U.S.*, 389 F.2d 911, 917 (9th Cir. 1968) (no abuse of discretion in criminal case where district court limited the number of inmate witnesses to five, from ten proposed inmate witnesses). While district courts have broad discretion "to limit the number of witnesses on a particular point to avoid cumulative evidence," *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1071 (9th Cir. 2005), they must not "sacrifice justice in the name of efficiency," *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001). Thus, despite the need to transport inmate Hernandez from San Diego, this factor does not weigh against permitting his attendance at trial.

Finally, there is no information in the record regarding factors two and four.

In conclusion, the Court finds that Plaintiff's motion for the attendance of inmates Diego Hernandez and Bryan Ransom should be granted.

### III.   Opposition to Defendant's Witnesses

Plaintiff objects to five of the six witnesses Defendant listed in his pretrial statement. Plaintiff's objections mirror the arguments made by Defendant in opposition to Plaintiff's motion for the attendance of incarcerated witnesses regarding expense and actual knowledge of relevant facts. However, the *Wiggins* factors are relevant in evaluating whether to transport incarcerated witnesses at government expense. Defendant is not required to satisfy the *Wiggins* factors in listing his trial witnesses. Furthermore, as Plaintiff is not aware of what these witnesses' proposed testimony is, his argument that their testimony is irrelevant is based purely on speculation.

Plaintiff may file a motion in limine in compliance with the deadline set in the Pretrial Order or he may move to exclude a witness or testimony at trial, but he is not in the position to

challenge their appearance at trial under the *Wiggins* factors. Accordingly, Plaintiff's opposition is disregarded.

**IV.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's motion for the attendance of incarcerated witnesses Diego Hernandez and Bryan Ransom, filed on January 2, 2013, and supplemented on March 4, 2013, is GRANTED; and

2.  Plaintiff's opposition to Defendant's witnesses, filed on March 4, 2013, is DISREGARDED.

IT IS SO ORDERED.

Dated:   **June 10, 2013**           /s/  **Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE

4