# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS OLIVEREZ, JR., | Case No. 1:09-cv-00352-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 100) |
| BEN ALBITRE, | |
| Defendant. | |

This matter is currently set for jury trial before U.S. District Judge Lawrence J. O'Neill on October 1, 2013. On September 12, 2013, Plaintiff filed a motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation

marks omitted); *Wilborn* 789 F.2d at 1331.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exceptional circumstances exist and here, they do not. The legal issue – whether Defendant Albitre infringed upon Plaintiff's right to the free exercise of his religion - is not complex, the Court cannot make a determination that Plaintiff is likely to succeed on the merits given that the parties' credibility is for the trier of fact to determine, and the record demonstrates that Plaintiff is able to adequately articulate his claim.

Therefore, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **September 13, 2013**              /s/ Lawrence J. O'Neill
                                                                              UNITED STATES DISTRICT JUDGE

2