# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS OLIVEREZ, JR., | Case No. 1:09-cv-00352-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR NEW TRIAL, WITH PREJUDICE |
| v. | (Doc. 129) |
| BEN ALBITRE, | |
| Defendant. | |

Plaintiff Louis Oliverez, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 26, 2009. On October 1, 2013, jury trial commenced on Plaintiff's claim for damages against Defendant Albitre ("Defendant") for violation of the Free Exercise Clause of the First Amendment of the United States Constitution. The jury returned a verdict in favor of Defendant on October 1, 2013. Specifically, the jury found that Defendant did not substantially burden the practice of Plaintiff's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). (Doc. 120.)

On November 1, 2013, Plaintiff filed a timely motion for a new trial pursuant to Federal Rule of Civil Procedure 59(b). Defendant did not file a response, and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

As an initial matter, Plaintiff's request for judicial notice of trial testimony and newspaper articles is denied. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters testified to by witnesses are not facts subject to judicial notice. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 386 n.1 (9th Cir. 2010). Trial proceedings were recorded by a court reporter and are part of the record in this case; a request for judicial notice of witness testimony is both misplaced and unnecessary.

The contents of an article cited by Plaintiff – published in Prison Legal News - are likewise not subject to judicial notice. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

With respect to Plaintiff's motion for a new trial, Plaintiff first argues that the jury's verdict was against the clear weight of the evidence and the jury erred in applying the preponderance of the evidence standard. The Court finds this argument to be entirely meritless. The jury was instructed as to the correct legal standard - preponderance of the evidence - and "[d]oubts about the correctness of the verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake." *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1265, 1372 (9th Cir. 1987). "[W]hen there is sufficient evidence before a jury on a particular issue, and if the instructions of law on the issue were correct, then the jury's verdict must stand." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1014 (9th Cir. 1985). Plaintiff disagrees with the verdict rendered, but it is for the trier of fact to assess the credibility of witnesses and weigh the evidence and the jury did so in this case.

Second, Plaintiff argues that two jurors were biased through familial connections to law enforcement. The Court thoroughly explored the issues of bias and prejudices with potential jurors, including familial connection to law enforcement, and both parties were then afforded the opportunity to ask questions of potential jurors. Fed. R. Civ. P. 47. Both parties subsequently passed for cause, and both parties exercised peremptory challenges, following which the Court inquired whether there was any reason it should not swear in the jury with the seven members. *Id.*

Both parties accepted the panel, stating they had no objections.  Accordingly, Plaintiff waived any objection to the jury panel.  Fed. R. Civ. P. 46; *see Frazier v. U.S.*, 335 U.S. 497, 513 (1948); *U.S. v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009); *Landes Const. Co., Inc.*, 833 F.2d at 1369.

Third, Plaintiff argues that the jurors were erroneously instructed as to the measure of damages.  As is the Court's general practice in cases such as this, the parties were each provided a set of *proposed* jury instructions on the morning of trial.  Proposed instruction number 22 was Measure of Damages, Ninth Circuit Instructions 5.1 and 5.2.  Plaintiff argues that the Court erred in including the word "physical" in the instruction, over his objection.  However, the *final* instruction read to the jury did not include the word "physical."[1]

Accordingly, Plaintiff's motion for a new trial is HEREBY DENIED, with prejudice.  Any further redress must be sought from the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:  **March 26, 2014**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE

---

[1] The proposed instruction provided on the morning of trial stated: "You should consider the following: 1. the mental, physical, and/or emotional pain and suffering experienced."  The final instruction read to the jury stated: "You should consider the following: 1. the mental and/or emotional pain and suffering experienced."